UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JIMMY DAVIDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16 CV 1636 CDP |
| | ) | |
| BUCK'S INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER OF REMAND**

Plaintiff Jimmy Davidson alleges he was injured when an employee of defendant Buck's Inc., while acting within the scope of his employment, caused his vehicle to collide with a vehicle in which Davidson was a passenger. Davidson filed his complaint in Missouri state court in St. Louis City, and it was subsequently removed to this court by Buck's, who asserts that this court has diversity jurisdiction over Davidson's claims under 28 U.S.C. § 1332. Davidson has now filed a motion to remand this case to state court. He claims there is no federal diversity jurisdiction because Buck's has failed to prove the requisite amount in controversy. Based on the face of Davidson's complaint and the lack of evidence otherwise, I find that the amount in controversy does not meet or exceed $75,000, and I am therefore granting the motion to remand.

A defendant normally may remove an action from state court to federal court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441. A federal court has diversity jurisdiction where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). Federal courts are to strictly construe the amount in controversy requirement, as the purpose underlying it is to limit the federal courts' diversity caseload. *Snyder v. Harris*, 394 U.S. 332, 339-340 (1969). All doubts about federal jurisdiction should be resolved in favor of remand to state court. *Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015). To meet its burden with regard to the jurisdictional amount, the removing party in a case based upon diversity of citizenship must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005). Specific facts or evidence are required to demonstrate that the jurisdictional amount is met. *Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004). .

In his complaint, Davidson avers that as a result of the vehicle accident, he "sustained injuries to his back and neck" resulting in past and future medical expenses. He claims that as a result of his injuries, his activities have been limited, he has lost enjoyment of life, and he has suffered and will continue to suffer physical pain and mental anguish. He claims his injuries are painful and

progressive. Davidson's prayer for relief asks for damages greater than $25,000 but less than $75,000.[1]

As evidence that the amount in controversy exceeds $75,000, defendant has cited to several jury verdicts from Missouri state court in St. Louis City, in which damages awarded were greater than $75,000. Defendant claims these cases are all comparable to the case here in that they involved vehicle accidents resulting in injuries similar to Davidson's. Defendant notes that an amount in controversy analysis does not require proof that the damages are actually greater than the requisite amount, but proof that a fact finder could legally conclude that they are. *See James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005).

After careful consideration, I conclude that defendant has failed to carry its burden to demonstrate that the amount in controversy is met. Although evidence of state jury verdicts in similar cases is permitted for purposes of opposing a motion to remand, *see Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002), here such verdicts are not useful because there is insufficient evidence as to the nature and extent of Davidson's injuries. Without a clearer understanding of Davidson's harm, it is impossible to analogize his claims to those of other

---

[1] A demand of less than $75,000.00 in plaintiff's complaint is not determinative of the amount in controversy. *Rodgers v. Wolfe*, No. 4:05CV01600ERW, 2006 WL 335716, at *3 (E.D. Mo. Feb. 14, 2006).

plaintiffs.  Although in many of the cases cited by defendant the plaintiffs suffered injuries to their necks and backs, there is a vast range of injuries a person could suffer to these parts of the body.  Without more evidence, an assertion of similarity between this case and those cases is not persuasive.

Additionally, defendant cited other cases to support its assertion that Missouri federal courts have concluded that the amount in controversy requirement is met where a plaintiff alleges "serious" injuries.  However, these cases are distinguishable from the instant matter because they either include evidence of settlement demands in excess of $75,000 or include significantly more evidence regarding the plaintiff's injury.  *See, e.g., Carville v. Sheraton Corp.,* 2009 Wl 1393872 (E.D. Mo. May 15, 2009); *Hall v. Vlahoulis*, No. 06-6107-CV-SJ-FJG, 2007 WL 433266, at *1 (W.D. Mo. Feb. 5, 2007); *Ward v. Sailormen, Inc.*, No. 4:06CV 1814 JCH, 2007 WL 1040934, at *1 (E.D. Mo. April 3, 2007); *Quinn*, 228 F. Supp. 2d at 1041.

For the foregoing reasons, defendant has failed to meet its burden of establishing by a preponderance of evidence an amount in controversy that exceeds $75,000.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [13] is granted, and this case is remanded to the 22nd Judicial Circuit Court, City of St.

Louis, Missouri, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of December, 2016.